IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Dakota Metal Fabrication and Jason Hanson, <br><br> Plaintiffs, <br><br> vs. <br><br> James Parisien, The TERO Office, Turtle Mountain Band of Chippewa Indians, Turtle Mountain Tribal Court, and Tribal Appellate Court, <br><br> Defendants. | **ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** <br><br> Case No. 3:22-cv-174 |

Before the Court are two motions—a motion for default judgment (Doc. No. 7) and a related motion for hearing (Doc. No. 11)—filed by Plaintiffs Jason Hanson and Dakota Metal Fabrication ("Plaintiffs"). Defendants James Parisien, The TERO Office, Turtle Mountain Band of Chippewa Indians, Turtle Mountain Tribal Court, and Tribal Appellate Court (collectively, "Defendants") oppose the motions. Doc. No. 10. For the reasons below, the motions are denied.

I.     BACKGROUND

Per the Plaintiffs' complaint, Plaintiffs contracted with Belcourt Public School District #7 (the "School District") to perform certain metal work on the pre-kindergarten and wrestling facility (the "Building"), which is located on trust property within the exterior boundaries of the Turtle Mountain Indian Reservation. Doc. No. 1. Plaintiffs allege the School District operates on the Turtle Mountain Indian Reservation under a memorandum agreement with Turtle Mountain Band of Chippewa Indians. Id.

As alleged, the heart of this dispute involves whether Defendants improperly enforced certain Tribal Employment Rights Ordinances ("TERO") against Plaintiff. Id. TERO requires all

contractors performing all types of construction contracts within the Turtle Mountain Indian Reservation to pay a percentage of the contract price as a tax to the TERO office or to the Turtle Mountain Band of Chippewa Indians. Id. Plaintiffs dispute that TERO applies to their construction contract with the School District. Id.

Plaintiffs filed a complaint on October 17, 2022, after pursuing their tribal remedies in tribal court. Id. In response, Defendants filed a motion to dismiss for lack of jurisdiction and for failure to state a claim, along with a motion for hearing. Doc. Nos. 3-5. On December 7, 2022, after Defendants filed their motion to dismiss, Plaintiffs filed this motion for default judgment. Doc. No. 7.

## II.     LAW AND DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure establishes "the basic procedure to be followed when there is a default in the course of litigation." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). Rule 55 provides a two-step process for the entry of judgment against the non-responsive party. Id. First, the party may move for the Clerk to enter default. See Fed. R. Civ. P. 55(a). "Where the Clerk has entered default against a party, it has 'no further standing to contest the factual allegations of plaintiff's claim for relief,' and 'is deemed to have admitted all well pleaded allegations in the complaint.'" United Fire & Casualty Ins. Co. v. Thompson, No. 1:09CV00051, 2010 WL 561578, at *1 (E.D. Mo. Feb. 10, 2010) (quoting Taylor v. City of Ballwin, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988)). Next, the moving party may seek the entry of default judgment, which "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled." Mickalis Pawn Shop, 645 F.2d at 128; see Fed. R. Civ. P. 55(b).

Federal courts retain discretion as to whether the entry of default judgment is appropriate: "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010) (citing 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)). It is well-established that default judgments are not favored by the law. United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). Rather, there is a "judicial preference for adjudication on the merits." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998).

Put simply, the Plaintiffs motion for default judgment is procedurally and substantively without merit. First, the Plaintiffs did not seek an entry of default against Defendants from the Clerk of Court. Fed. R. Civ. P. 55(a). So, the motion for default judgment appears to be procedurally deficient, or at a minimum, there is no admission to the allegations in the complaint on record by the Defendants. But even assuming there were no procedural deficiencies, the motion is also substantively without merit.

Under Federal Rule of Civil Procedure 12(a), "Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint[.]" Fed. R. Civ. P. 12(a). Relatedly, under Rule 12(a)(4), "serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action[.]" Id.

Here, before filing an answer, Defendants timely filed motions to dismiss for lack of jurisdiction and failure to state a claim under Rule 12. As such, the timing set forth in Rule 12(a)(4) applies, and if the Court denies Defendants' motion, then Defendants have 14 days after notice of

3

the Court's action to serve their answer. Because the Court has not yet ruled on Defendants' motions, the 14-day deadline under Rule 12(a)(4) has not yet begun, and there is no substantive default for Defendants' failure to file an answer at this point in the proceedings (given the pending motion to dismiss).

### III.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law. For the reasons set forth above, Plaintiffs' motion for default judgment (Doc. No. 7) and related motion for hearing (Doc. No. 11) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th day of January, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court