IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| Dakota Metal Fabrication, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| vs. | ) | Case. No. 3:22-cv-174 |
| | ) | |
| James Parisien, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants James Parisien, the Turtle Mountain Band of Chippewa Indians Tribal Employment Rights Ordinance ("TERO") Office, Turtle Mountain Band of Chippewa Indians (the "Tribe"), Turtle Mountain Tribal Court, and Tribal Appellate Court (collectively, the "Defendants") filed three motions—(1) a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (Doc. No. 3), (2) a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 4), and (3) a motion for hearing (Doc. No. 5). Plaintiffs Dakota Metal Fabrication ("Dakota Metal") and Jason Hanson oppose the motions (Doc. No. 6). For the reasons below, the motion to dismiss for lack of jurisdiction is granted in part and denied in part, but the motion to dismiss for failure to state a claim and the motion for hearing are denied.

I.     **FACTUAL BACKGROUND**

This dispute centers on the enforceability of TERO regulations and tax assessment against non-Indians who contracted to perform metal work as a part of a construction project for a pre-kindergarten and wrestling facility (the "Project") for Belcourt Public School District # 7 ("School

District").¹ Doc. No. 1 ¶ 1. Hanson is the owner of Dakota Metal, and both are non-Indian. Id. The Defendants are four tribal government entities and at least one individual. The tribal government entities are the TERO Office, the Tribe, the Turtle Mountain Tribal Court, and the Turtle Mountain Court of Appeals. Id. ¶¶ 9-10. Parisien is also named as the Director of the TERO Office but is now retired.² Id. ¶ 9.

As alleged, the Project is located on "trust property" within the exterior boarders of the Turtle Mountain Indian Reservation. Id. ¶ 1. The School District advertised for bids on the Project, and Dakota Metal and Hanson submitted a bid for the metal work. Id. ¶ 13. Dakota Metal and Hanson allege that the School District advertised without including notice that the metal work may be subject to a TERO tax. Id. ¶ 14. Because of that, Dakota Metal and Hanson "did not include any TERO fees or taxes in [their] bid on the Project." Id. ¶ 15. Nevertheless, they were ultimately awarded the bid for the metal work on the Project. Id. ¶ 16.

According to the complaint, after being awarded the bid, "Parisien and TERO began enforcing the TERO laws and regulations by levying a TERO tax on Plaintiffs for [their] successful bid amount." Id. ¶ 16. The amount of the TERO tax was $44,640. Id. ¶ 20. But Dakota Metal and Hanson refused to pay the tax. Id. ¶ 22. Instead, they filed an action in Turtle Mountain Tribal Court "arguing Defendants lacked personal and subject matter jurisdiction to regulate or tax [them]." Id. ¶ 2. Ultimately, after an appeal of a decision by the Turtle Mountain Tribal Court,

---

[1] This is the second complaint by Dakota Metal and Hanson against these Defendants as to the Project and TERO enforcement. See Hanson v. Parisien, 473 F. Supp. 3d 970 (D.N.D. 2020). The first complaint was dismissed in part for lack of subject matter jurisdiction over the tribal entities and dismissed as to Parisien for failure to exhaust administrative remedies. Id.

[2] Sherry Baker, current Director of the TERO Office, was automatically added as a Defendant per Federal Rule of Civil Procedure 25(d). Doc. No. 20.

the Turtle Mountain Tribal Appellate Court concluded the TERO office "had jurisdiction to regulate and tax non-Indians[.]" Id. Having exhausted their administrative remedies, Dakota Metal and Hanson then filed this action. Doc. No. 1.

## II.  LAW AND ANALYSIS

The Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  As to subject matter jurisdiction, the Defendants renew their argument from the first case, asserting sovereign immunity bars all claims against the Defendants.  As to failure to state a claim, the Defendants affirmatively assert the exclusion doctrine gives the Defendants the power to manage their own tribal land, which includes the right to tax.

### A.  Federal Rule of Civil Procedure 12(b)(1) and Sovereign Immunity

Starting with subject matter jurisdiction, a federal court "must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments" in each case. Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). "Subject matter jurisdiction defines the court's authority to hear a given type of case." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) (quoting United States v. Morton, 467 U.S. 822, 828 (1984)). Federal Rule of Civil Procedure 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction over a claim. Because the challenge is based on the complaint, the motion is a facial attack on jurisdiction. Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 637 (8th Cir. 2003).

Here the issue is sovereign immunity and whether all the Defendants are immune from suit.  This question was squarely addressed in this Court's prior order in the first case.  See Hanson

3

v. Parisien, 473 F. Supp. 3d 970 (D.N.D. 2020).  For the same reasons articulated in that order, sovereign immunity shields the four tribal government entities.  This Court lacks jurisdiction over those Defendants, and the motion to dismiss for lack of jurisdiction is granted as to those Defendants.

With the tribal government entities dismissed, that leaves Parisien, the former Director of the TERO Office (who is now retired), and Sherry Baker, the current Director of the TERO Office.  One initial issue before addressing sovereign immunity is whether Parisien is sued in his official capacity or individual capacity.  Dakota Metal and Hanson claim that Parisien "is sued in his individual capacity for illegal actions or conduct outside the scope of his official duties."  Doc. No. 6, p. 7.  But the allegations in the complaint suggest otherwise.  For example, Dakota Metal and Hanson allege "Defendant Parisien is the Director of the Tribal TERO Office for Defendant Tribe."  Doc. No. 1 ¶ 9.  This is consistent with other allegations, which focus on Parisien's actions as Director of the TERO Office, including Parisien using "the full force of his authority through Defendant TERO Office to impose the TERO taxes and fees" (id. ¶ 17), and Parisien enforcing "the TERO laws and regulations" (id. ¶¶ 16, 20).  Additionally, the caption of the complaint lists "James Parisien, Director of the [TERO][.]"  Doc. No. 1.  There is little (if anything) in the complaint that suggests Plaintiffs sued Parisien in his individual capacity; rather, he was sued in his official capacity as Director of the TERO Office.  Because he is no longer the Director of the TERO Office, he is dismissed, and Sherry Baker (as current Director) is automatically substituted for him.  See Doc. No. 20.

With that issue resolved, the question remains as to whether sovereign immunity shields the TERO Director from this lawsuit.  Sovereign immunity "extends to tribal officials who act

4

within the scope of the tribe's lawful authority." Kodiak Oil & Gas (USA) Inc. v. Burr, 932 F.3d 1125, 1131 (8th Cir. 2019) (citing Baker Elec. Co-op., Inc. v. Chaske, 28 F.3d 1466, 1471 (8th Cir. 1994)).  Like their federal and state counterparts, though, tribal officials remain subject to suit under the longstanding sovereign immunity exception articulated in Ex parte Young, 209 U.S. 123 (1908).  See Michigan v. Bay Mills Indian Cmty., 572 U.S. 782, 796 (2014).  That exception authorizes "a private party [to] sue a [tribal] officer in his official capacity to enjoin a prospective action that would violate federal law."  281 Care Comm. v. Arneson, 638 F.3d 621, 632 (8th Cir. 2011).  Determining if the Ex parte Young exception applies calls for a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."  Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) (cleaned up).  The sued official must also possess "some connection to the enforcement of the challenged laws."  Calzone v. Hawley, 866 F.3d 866, 869 (8th Cir. 2019) (citing Ex parte Young, 209 U.S. at 157).

    Here the complaint alleges that the TERO Director is unlawfully imposing a TERO tax.  It also alleges that imposing the tax exceeds the TERO Director's (and by extension, tribal) authority and jurisdiction.  Doc. No. 1, p. 8.  If so, that constitutes an ongoing violation of federal law.  See Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 853 (1985) (explaining that "federal law defines the outer boundaries of an Indian tribe's power over non-Indians").  Further, the complaint seeks to prospectively prevent the TERO Director from enforcing the TERO tax.  See Kodiak Oil & Gas, 932 F.3d at 1132.  On these facts, sovereign immunity does not shield the TERO Director from the declaratory and injunctive claims here, and the motion to dismiss for lack of jurisdiction as to the TERO Director is denied.

B.     **Federal Rule of Civil Procedure 12(b)(6)**

Turning to the motion to dismiss for failure to state a claim, the Defendants assert the complaint generally fails to state a claim for relief because of the exclusion doctrine, which they assert is the basis for a tribe's inherent authority to tax non-Indians conducting business on tribal land.  See Merrion v. Jicarilla Apacha Tribe, 455 U.S. 130 (1982).

Federal Rule of Civil Procedure 8(a) requires a pleading only to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  But a complaint may be dismissed for "failure to state a claim upon which relief can be granted," and a party may raise that defense by motion.  Fed. R. Civ. P. 12(b)(6).  In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  Gorog v. Best Buy Co., 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted).  Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must "state a claim to relief that is plausible on its face."  Id. at 570.

Dakota Metal and Hanson allege two claims—a declaratory relief claim and an injunctive relief claim.  Doc. No. 1.  Both claims assert that the TERO Director does not have authority to regulate and impose the TERO tax on Dakota Metal and Hanson, who are non-Indians.  Those claims trigger the substantive question at issue here—namely, what is the extent of the tribal regulatory authority over non-Indians on these facts.  There are sufficient factual allegations in the complaint to plausibly allege those claims under Federal Rule of Civil Procedure 12(b)(6).  And the Defendants do not raise a factual sufficiency argument.  Instead, they argue the exclusion

6

doctrine bars the claims.  The trouble with this position though is that it effectively seeks resolution of the merits of the claims (whether the TERO Director has the authority to regulate and assess the TERO tax against Dakota Metal and Hanson under these circumstances) without the benefit of further discovery and additional facts.  Tellingly, it appears that claims like those at issue here are nearly uniformly resolved on summary judgment.  See, e.g., Plains Com. Bank v. Long Fam. Land & Cattle Co., 554 U.S. 316 (2008); Atkinson Trading Co. v. Shirley, 532 U.S. 645 (2001); Nevada v. Hicks, 533 U.S. 353 (2001); Strate v. A-1 Contractors, 520 U.S. 438 (1997); Belcourt Pub. Sch. Dist. v. Davis, 786 F.3d 653 (8th Cir. 2015); Attorney's Process & Investigation Servs., Inc. v. Sac & Fox Tribe of Miss. in Iowa, 609 F.3d 927 (8th Cir. 2010); Nord v. Kelly, 520 F.3d 848 (8th Cir. 2008).

The ultimate question of whether the TERO Director has the authority to impose the TERO tax on Dakota Metal and Hanson implicates the exclusion doctrine, Merrion, and Montana v. United States, 450 U.S. 544 (1981) (articulating the presumption against tribal regulatory authority over non-members, with two exceptions).  The analysis under those cases is highly dependent on, among other things, the status of the land where the Project was constructed, as the complaint alleges the land is "trust property," not "tribal property."  It also implicates the contract between Dakota Metal and Hanson and the School District, but the contract is not yet in the record.  Put simply, resolving these questions at this stage of the litigation is premature.  Thus, the Defendants' motion to dismiss for failure to state a claim is denied.

### III.    CONCLUSION

For the reasons above, the Defendants' motion to dismiss for lack of jurisdiction (Doc. No. 3) is **GRANTED IN PART AND DENIED IN PART**.  The Defendants' motion to dismiss for

failure to state a claim (Doc. No. 4) is **DENIED**.  Considering the comprehensive briefing on the motions, the motion for hearing (Doc. No. 5) is also **DENIED**.

    **IT IS SO ORDERED**.

Dated this 10th day of May, 2023.

                                                */s/ Peter D. Welte*
                                                Peter D. Welte, Chief Judge
                                                United States District Court